**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Caremark LLC, et al., | No. CV-22-02129-PHX-DJH |
| Petitioners, | **ORDER** |
| v. | |
| Senderra Rx Partners LLC, | |
| Respondent. | |

Petitioners Caremark, L.L.C., Caremark PCS, L.L.C. and SilverScript Insurance Company (collectively "Petitioners") have filed an "Application to Confirm Arbitration Award" ("Application") (Doc. 6)[1] under Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Petitioners seek an order confirming the Interim and Final Arbitration Awards (the "Awards") issued by American Arbitration Association ("AAA") Arbitrators Glenn J. Waldman, Thomas W. Cranmer, and Thomas J. Brewer (the "Panel") in favor of Petitioners and against Respondent Senderra Rx Partners, L.L.C., d/b/a Senderra Specialty Pharmacy ("Respondent").

**I.    Background[2]**

On December 21, 2009, Petitioners and Respondent entered into a Provider Agreement, which incorporated Petitioner's 2018 Provider Manual. (Doc. 6-1 at 36). On December 6, 2019, Respondent brought a demand before the AAA, alleging six breach of

---

[1] The matter is fully briefed. (*See* Response at Doc. 15 and Reply at Doc. 17).

[2] Unless noted otherwise, all facts contained herein are taken from the Final Award. (Doc. 6-1 at 29–59).

contract claims and a spoliation claim. (*Id.* at 30). The case proceeded before the Panel.

On December 6, 2021, the Panel issued an Interim Award, dismissing Respondent's claims with prejudice. (*Id.* at 26). On February 18, 2022, the Panel issued its Final Award in favor of Petitioners resulting in an award total of $457,326.36. (*Id.* at 58). The Final Award incorporated the Interim Award. (*Id.* at 29). The Panel ordered Respondent to pay this amount on or before March 17, 2022. (*Id.* at 59). On March 23, 2022, the Panel issued an order modifying the Final Award to $514,326.36. (*Id.* at 61–63). Respondent timely paid both the final and modified award. (Doc. 16 at 4–8).

On December 16, 2022, Petitioners filed their Application to confirm the Awards and the subsequent order which modified and the final arbitration award. (Doc. 1). For the reasons set forth below, the Court finds Petitioners' Application must be granted. 9 U.S.C. § 9.

**II.   Discussion**

Petitioners argue the Awards should be confirmed for three reasons: (1) the parties have agreed under the FAA that judgment may be entered on the Awards; (2) the Petitioners have timely filed their confirmation request; and (3) Respondent has not moved to vacate, modify, or correct the Awards and the time to do so has passed. (Doc. 6 at 8–10).

Respondent argues that Petitioners' request should be denied because (1) Petitioners have failed to establish subject-matter jurisdiction; (2) Petitioners have waived their ability to confirm the Awards under their 2022 Provider Manual; and (3) the Interim Award does not constitute a Final Award, so Petitioners Application is untimely. (Doc. 15 at 1–9). The Court will address each argument in turn.

**A. Subject-matter jurisdiction**

Under the FAA, a party to an arbitration may apply to the Court for an order confirming the arbitration award within one year after the award is issued, and the Court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. § 9. But the FAA's

authorization of a petition does not itself create subject matter jurisdiction. Rather, the federal court must have an "independent jurisdictional basis" to resolve the matter. 9 U.S.C. §§1–16; *Badgerow v. Walters*, 142 S. Ct. 1310, 1314 (2022). There are two primary sources of federal court jurisdiction: 28 U.S.C. § 1331, federal question or "arising under" jurisdiction; and 28 U.S.C. § 1332, diversity jurisdiction.

Respondent argues Petitioners failed to establish subject-matter jurisdiction because Petitioners have submitted no pleadings and only an Application to Confirm the Award. (Doc. 15 at 3). Respondent says even if the Court considers the Application a pleading, the Application does not allege sufficient facts to establish subject-matter jurisdiction because Petitioners have alleged no value "aside from the monetary portion [of the Award], and that has been paid."[3] (*Id.* at 5). The Court is unpersuaded.

The Court finds Petitioners' Application to Confirm the Arbitration Award is a sufficient pleading to satisfy the amount in controversy requirement. To hold otherwise would mean no party seeking to confirm an arbitration award could establish subject matter jurisdiction. This is simply untrue, as evidenced by the large number of cases confirming or denying such awards. *See W. Emps. Ins. Co. v. Jefferies & Co.*, 958 F.2d 258, 261 (9th Cir. 1992) (noting that district courts should not elevate form over substance).

Second, "[f]or the purposes of diversity jurisdiction, the amount in controversy is the amount at stake in the underlying arbitration dispute, and not the amount of the arbitration award." *Incentive Connection Travel, Inc. v. 1st-Air.Net Inc.*, 2006 WL 3827555, at *1 (D. Ariz. Dec. 27, 2006) (citing *Theis Research, Inc. v. Brown Bain*, 386 F.3d 1180, 1181 (9th Cir. 2004). Here, the Final Award states Petitioners sought, in relevant part, "money damages for plan years 2019, 2020 and 2021 in the amount of $16,808,000." (Doc. 6-1 at 30). This satisfies the amount in controversy and thus the Court finds it has an independent jurisdictional basis under 28 U.S.C. § 1332.

Last, the Court rejects Respondent's argument that because the Award has been

---

[3] Respondent does not dispute that complete diversity exists as to the parties' citizenships. (Doc. 15 at 3–5; Doc. 6 at 2–3 noting the parties' respective citizenships).

paid, the amount in controversy is zero. *See In re Arb. Proceeding Between: Scottsdale Ins. Co. v. John Deere Ins. Co.*, 2016 WL 627759, at *4 (D. Ariz. Feb. 17, 2016) (rejecting petitioner's argument that no confirmation order was necessary since respondent had already paid the award); *Collins v. D.R. Horton, Inc.*, 361 F.Supp.2d 1085, 1093 (D. Ariz. Mar. 21, 2005) (same). Both courts rejected the respondents' arguments that they had already paid the awards on the grounds that "satisfaction of an arbitration award and confirmation of the award are separate issues." *Id.* at *4. This Court agrees and will follow suit.

### B. Petitioners' Right to Seek Confirmation of the Final Award

Second, Respondent argues Petitioners have waived their right to confirm the Final Award because the 2022 Caremark Provider Manual states it "supersedes and replaces all previous versions of the Provider Manual." (Doc. 15 at 6; Doc. 16 at 11). It also states, in relevant part, "[i]f the monetary relief in the final award is paid within this thirty (30) day period, the party in whose favor the monetary award was rendered shall have no right to seek confirmation of the final award under the [FAA] . . . ." (Doc. 16 at 13). Respondent says they paid the Final Award within 30 days and so Petitioners have no right to seek confirmation. (Doc. 15 at 7). Petitioners, on the other hand, argue the 2018 Provider Manual was in effect at the time Respondent initiated the arbitration proceedings and thus it governs the substantive rights at issue in the arbitration. (Doc. 17 at 7).

The issue is whether Petitioners waived their right to confirm the Final Award when they issued the 2022 Provider Manual. Both parties appear to agree the 2018 Provider Manual governed the arbitration proceedings.[4] They disagree, however, as to which one applies now. Respondent claims that after January 1, 2022, the 2022 Provider Manual governed the parties' contractual relationship. Respondent further reasons that since the Final Award was issued on February 18, 2022, Petitioners waived their right to

---

[4] As pointed out by Petitioners, the Panel repeatedly referenced the 2018 Provider Manual as the applicable agreement in the Final Award. (*See* Doc 6-1 at 3, 6, 21). Respondent does not dispute the Panel based its decision on the 2018 Provider Manual. (Doc. 15 at 6–7).

- 4 -

confirm the Final Award upon recipient of payment. (Doc. 15 at 7). The Court is unconvinced.

Under Arizona law, "[w]aiver is either the express, voluntary, intentional relinquishment of a known right or such conduct as warrants an inference of such intentional relinquishment." *American Cont'l Life Ins. Co. v. Ranier Const. Co., Inc.*, 607 P.2d 372 (Ariz. 1980). Although the 2022 Provider Manual states it "supersedes and replaces all previous versions of the Provider Manual," it also states under the arbitration section that this "provision applies to any dispute arising from events that occurred before, on, or after the effective date of this Provider Manual." (Doc. 16 at 11–12). Respondent brought a demand for arbitration on December 6, 2019. (Doc. 6-1 at 30). At that time, the 2018 Provider Manual governed this dispute. Based on the broad arbitration provision in the 2022 Provider Manual, the Court cannot conclude Petitioners intentionally relinquished their rights under the 2018 Provider Manual, particularly when those rights governed the prior arbitration proceedings. *See Cummins-Allison Corp. v. SBM Co.*, 2013 WL 12198835, at *12 (D. Haw. Jan. 28, 2013) (finding that a subsequent agreement did not supersede a prior agreement because the subsequent agreement contained no other provisions expressly stating the parties "contemplated a retroactive renegotiation of their earlier agreements").

### C. Petitioner's Application to Confirm Interim Award

Last, Respondent argues Petitioner's Application should be denied because the Interim Award does not constitute a Final Award. (Doc. 15 at 8). Even if the Interim Award can be confirmed, Respondent contends Petitioners' Application is untimely because it was filed on December 27, 2022—which is 21 days after the deadline to confirm the December 6, 2021, Interim Award. (*Id.*) Petitioners, on the other hand, argue the Final Award, issued on February 18, 2022, incorporates the Interim Award. (Doc. 17 at 11). Petitioners argue their Application was filed on December 16, 2022, less than a year after the Final Award was issued. (*Id.* at 12).

Petitioners have the better argument. Respondent relies on *Venetian Casino*

- 5 -

*Resort, L.L.C. v. Lehrer McGovern Bovis, Inc.*, an unpublished decision, to argue that interim awards should not be confirmed. (Doc. 15 at 8 citing 92 F. App'x 402 (9th Cir. 2004)). There, the Ninth Circuit indeed stated that allowing "judicial intervention prior to the final award . . . would interfere with the purpose of arbitration." *Id.* But the Final Award here expressly stated that the Interim Award was "incorporated herein[.]" (Doc. 6-1 at 29). *Venetian* is therefore inapplicable to the present matter. Moreover, *Venetian* ultimately affirmed the district court's order confirming the arbitration award because the portion of their dispute that parties submitted was "finally and completely decided." 92 F. App'x at 403. Petitioners' Final Award here was also complete and final. Last, Petitioners' Application was timely: the Final Award was issued on February 18, 2022, and Petitioners submitted their Application on December 16, 2022. (Doc. 6-1 at 59; Doc. 2). This was within the one-year deadline. *See* 9 U.S.C. § 9.

**III. Conclusion**

Having determined that the Court has jurisdiction to confirm the arbitration award and that the requirements of 9 U.S.C. § 9 are met, the Court must grant Petitioners' Application.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioners' Caremark, L.L.C., Caremark PCS, L.L.C. and SilverScript Insurance Company Application to Confirm Arbitration Award (Doc. 6) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a judgment in favor of Petitioners confirming the Final Award of the Arbitration Panel, dated February 18, 2022 (Doc. 6-1 at 29–59).

Dated this 26th day of June, 2023.

Honorable Diane J. Humetewa
United States District Judge